UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO A.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:18-cv-05104-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Antonio A. has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned affirms defendant's decision to deny benefits.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance and supplemental security income benefits in May 2014, alleging he became disabled as of March 1, 2014. Dkt. 12, Administrative Record (AR) 17. Both applications were denied at the initial and reconsideration administrative review levels. *Id.* A hearing was held before an administrative law judge (ALJ). *Id.* Plaintiff appeared and testified, as did a vocational expert. AR 731-96. In a written decision, the ALJ determined that there were jobs existing in significant numbers in the national economy that

plaintiff could perform, and therefore that he was not disabled. AR 17-28. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

## ISSUES FOR REVEW

1. Did the ALJ err in discounting plaintiff's subjective symptom testimony?
2. Did the ALJ err in failing to address the lay testimony?

## DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step four of that process, a claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the Commissioner has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

1. The ALJ did not err in evaluating plaintiff's testimony.

In weighing a plaintiff's testimony about subjective pain or intensity of symptoms, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of a condition that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step follows. In the second step, the ALJ may reject the testimony regarding the severity of symptoms if: the ALJ provides specific findings identifying what testimony is not credible and the evidence that undermines the plaintiff's testimony; and, based on those findings, the ALJ gives clear and convincing reasons for rejecting the testimony. *Id.*

Here, the ALJ discounted plaintiff's testimony that he cannot work because of pressure on his neck, stinging in his forearms and hands, AR 758-59, 771, 777-78, difficulty balancing and walking, AR 762-63, 773, difficulty grabbing, and a tendency to drop things, AR 760. The ALJ gave several reasons for doing so. AR 22. Among those reasons is that the severity of plaintiff's back and neck pain is not supported by the medical evidence, and especially the

examining opinion of Gary Gaffield, D.O. This was a clear and convincing reason for discounting plaintiff's testimony about his limitations, and substantial evidence supports it.

Inconsistency with the medical opinion evidence can be a clear and convincing reason to discount a claimant's testimony. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and . . . testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains."); *George v. Berryhill*, 727 F. App'x 287, 290 (9th Cir. 2018).

As the ALJ found, Dr. Gaffield's examination showed plaintiff to be less limited in using his hands, and in walking without a cane, than plaintiff testified. AR 23, 662-63. Dr. Gaffield examined plaintiff in September 2016. AR 657. He reviewed several treatment notes and an x-ray report. AR 657-58. He conducted a clinical interview and a physical examination. He noted that plaintiff had some atrophy in the upper extremities, hypersensitivity in parts of both hands, and slightly diminished grip. AR 660-62. He observed that plaintiff could get out of chairs "without effort" and on and off an exam table "without difficulty," and that plaintiff was likewise able to rise "from supine to sitting without turning on his side." AR 661. He noted that plaintiff complained of neck pain in doing certain motions but did not have trouble walking in tandem. He found that neck pain limited plaintiff's range of motion in the neck, back, and hip. AR 661. He diagnosed plaintiff with "Marked restricted cervical motion with hypersensitivity in the C8 dermatome bilaterally" and "Mildly impaired grip without restricted motion of his digits and hypersensitivity of the fourth and fifth digits of each hand." AR 662.

Dr. Gaffield opined that plaintiff has no limitation in walking, standing, or sitting in an eight-hour workday. AR 662. He limited plaintiff to lifting 50 pounds occasionally and 25

pounds frequently. He found plaintiff can perform postural activities occasionally and manipulative activities frequently. AR 662-63.

Dr. Gaffield's evaluation thus supports the ALJ's finding that plaintiff was found to have fewer physical limitations than plaintiff testified to.

Plaintiff asserts that a reviewing opinion by M. Tambellini, M.D., and treatment notes by David Lounsberry, M.D., and Brian Iuliano, M.D., undermine Dr. Gaffield's observations and instead support plaintiff's testimony. *See* AR 29, 356, 385, 634, 636. Plaintiff also asserts that the record actually supports his testimony about problems with balance and unsteadiness. These arguments are unavailing.

First, the ALJ gave valid and supported reasons for giving greater weight to Dr. Gaffield's opinion than Dr. Tambellini's. AR 24, 26. An examining opinion is generally entitled to greater weight than a non-examining opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Moreover, as the ALJ observed, Dr. Gaffield's opinion came "late in the period at issue" and was thus based on a more complete medical record. AR 24, 657-58; *see* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.").

Second, the treatment records do not show findings inconsistent with Dr. Gaffield's findings. Although plaintiff asserts that ARNP Jeanne Boudrieau found him to have "severely limited walking ability," the plaintiff has not identified such an opinion in the record. *See* Dkt. 13, p. 6 (citing AR 341-43, 384). And while Ms. Boudrieau continued to renew plaintiff's prescription for three medications, the ALJ was not required to draw the inference that plaintiff had greater functional limitations than Dr. Gaffield found. *See Reddick v. Chater*, 157 F.3d 715,

722 (9th Cir. 1998) (ALJ responsible for determining credibility, resolving conflicts and ambiguities in medical evidence).

Plaintiff also points out that Ms. Boudrieau was plaintiff's treating provider and qualifies as an "acceptable medical source" under the new SSA regulations. Dkt. 13, pp. 6-7; *see* 20 CFR §§ 404.1502 (a)(7), 416.902 (a)(7) (effective March 27, 2017). These regulations apply only to claims filed on or after March 27, 2017. And although the new regulations will affect how an ALJ must assess a nurse practitioner's opinion, they would not imply any error here because Ms. Boudrieau did not provide an opinion.

Likewise, plaintiff does not show error based on findings by treating physicians Dr. Lounsberry and Dr. Iuliano. Dkt. 13, pp. 7-8. Drs. Lounsberry and Iuliano observed over the course of treatment that plaintiff was experiencing continued pain in the neck and shoulders and weakness, burning and tingling, and lack of coordination in his legs and arms. AR 356-57, 385-87, 634, 636. These findings also do not undermine the ALJ's reliance on Dr. Gaffield's opinion in evaluating plaintiff's testimony. Neither treating physician performed an evaluation of plaintiff's functional physical abilities, as Dr. Gaffield did. The ALJ was entitled to rely on Dr. Gaffield's examining opinion to discount plaintiff's testimony. *See Light*, 119 F.3d at 792.

Plaintiff also contends that the fact that he was prescribed heavy medications supports his pain complaints and its link to depression. Plaintiff does not assign error to the ALJ's failure to find depression a medically determinable impairment, Dkt. 13, p. 1; nor did he list depression (or any other mental or emotional condition) as a cause of disability in his administrative proceedings. *See* AR 29, 41-42, 64, 134. In addition, the ALJ did not rely on a lack of prescribed medication to find plaintiff less limited than he stated. Rather, the ALJ relied on Dr. Gaffield's opinion and the longitudinal findings of plaintiff's medical providers. *See* AR 24. The ALJ could

consider the prescribed treatment for plaintiff's pain complaints as a factor in weighing plaintiff's testimony, but those prescriptions did not require the ALJ to fully credit that testimony. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ has primary responsibility for determining whether inconsistencies "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions).

Plaintiff also contends the ALJ erred in failing to address plaintiff's testimony about disrupted sleep and his need for naps. Plaintiff testified that he tosses and turns when sleeping, and that he usually takes long naps during the day. AR 771. He stated the sleep difficulty comes from pain in his neck. *Id.* The ALJ was not required to explicitly address this testimony, because the ALJ gave clear and convincing reasons to discount as a whole plaintiff's testimony about the severity of his neck pain. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (ALJ findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain" [internal quotation marks omitted]).

Accordingly, plaintiff has not identified error in the ALJ's consideration of plaintiff's testimony.

2. <u>The ALJ's error in failing to address lay testimony was harmless.</u>

Plaintiff also contends that the ALJ erred in failing to discuss a May 2016 Lay Witness Statement provided by plaintiff's spouse. AR 213. The ALJ did not cite to or mention this statement in the RFC analysis. AR 20-26. This was error. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (lay testimony is competent evidence and cannot be disregarded without comment).

The ALJ's failure to address this lay statement does not warrant remand, however. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the failure to address the lay testimony may be deemed harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117-22 (9th Cir. 2012); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ can reject lay witness testimony when ALJ has properly rejected claimant's testimony and lay witness's testimony is similar to claimant's subjective complaints).

Plaintiff's spouse stated that plaintiff was unsteady on his feet, stumbled walking after two blocks, and had fallen multiple times in the previous year. AR 213, 214. She stated plaintiff's pain woke him up every night, making him tired and needing to lie down the next day. AR 213-14. She also stated that plaintiff needed to lie down every day from pain and fatigue. She stated that plaintiff could not stand for very long and needed a stool when washing dishes. AR 214. She stated plaintiff had numbness and stinging in his hands with repetitive acts, such as doing laundry. AR 214. Finally, she stated plaintiff felt depressed and "at sea" because he could not work. AR 215.

Plaintiff contends that his wife's testimony helped "establish depression as a colorable impairment." But plaintiff's wife cited a depressed mood as a result of plaintiff's inability to work, not a cause. AR 215. Plaintiff did not assign error to the ALJ's failure to find depression a medically determinable impairment, *see* Dkt. 13, p. 1. One of plaintiff's records lists depression among his diagnoses, AR 414, yet there is little indication in the record that plaintiff was ever treated for that condition. (Plaintiff's implication that he was prescribed Nortriptyline for depression does not appear to have a basis in the record. *See* Dkt. 13, p. 8.)

Because the lay testimony of plaintiff's spouse is similar to and does not identify any greater limitations than plaintiff's testimony, *see* 758-63, 771-78, and because the ALJ's well-supported reasons for discounting plaintiff's testimony apply equally well to this lay testimony, the ALJ's failure to address the lay statement from plaintiff's spouse is harmless. *See Molina*, 674 F.3d at 1122.

## CONCLUSION

Based on the foregoing analysis, the Defendant's decision to deny benefits is AFFIRMED.

Dated this 28th day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge